## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROBERT M. BOWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:22-CV-830 SRW |
| | ) |
| LINCOLN COUNTY, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Robert M. Bowman's complaint. Plaintiff, an inmate at Lincoln County Jail brings this action pursuant to 42 U.S.C. § 1983 asserting claims relating to his conditions of confinement. However, plaintiff's allegations, as currently stated, are subject to dismissal. Additionally, plaintiff has failed to pay the $402 filing fee or file a motion to proceed in forma pauperis, along with a certified prison account statement. Accordingly, plaintiff will be required to amend his complaint on a court-form and either pay the filing fee or file a motion to proceed in forma pauperis and provide a prison account statement. Plaintiff will have twenty-one (21) days to comply with the Court's requirements or his lawsuit will be dismissed, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Robert M. Bowman, a pretrial detainee currently housed at Lincoln County Jail in Troy, Missouri, filed the instant action on the Court's Prisoner Civil Rights Complaint form

2

pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff names Lincoln County as the sole defendant in this action.

Plaintiff has provided a one-page narrative in his complaint protesting Lincoln County Jail's COVID-19 Protocols. However, plaintiff's allegations in his complaint appear to be subject to dismissal as currently written because they are brought against individual actors and not against the Jail policies.

Although plaintiff admits that the Jail policy is a "5-day quarantine" after testing positive for COVID-19, he claims that unknown persons at the Jail have failed to follow the alleged policy and mixed inmates together whether they tested positive or not. Plaintiff fails to identify these unknown persons by name. Additionally, plaintiff asserts that unknown individuals at the Jail have mixed inmates in Housing Units at the Jail who he believes were not tested for COVID-19 before being placed in the Unit. Again, plaintiff fails to identify these unknown individuals.

Although it is not entirely clear, it appears plaintiff is also claiming that an Unknown Nurse at the Jail tested federal detainees but failed to test state detainees. Plaintiff likewise appears to allege that when he felt sick, an Unknown Nurse failed to provide him with a COVID-19 test, so he was unable to tell if he had the virus.[1]

Last, plaintiff appears to assert that despite having COVID-19 vaccines available, an Unknown Nurse at the Jail failed to provide the vaccine to him.

---

[1] Plaintiff does not allege that he has contracted COVID-19. As such, plaintiff has not shown that the actions of any of the defendants have caused him an injury. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation"); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (stating that in a § 1983 claim, a plaintiff "must allege a personal loss"); *Ware v. St. Louis City Just. Ctr.,* No. 4:20-CV-01065-AGF, 2020 WL 7240445, at *8 (E.D. Mo. Dec. 9, 2020) (mere concern "about the potential spread of COVID-19 by detainees congregating with each other" without alleged injury fails to state a claim); *Garner v. Keen*, No. 4:20-CV-1690-RWS, 2021 WL 1923507, *5 (E.D. Mo. May 13, 2021) (dismissing complaint on initial review where inmate complained about quarantine measures but had not contracted virus).

Plaintiff seeks monetary damages in this action.

### Discussion

Plaintiff explicitly indicates that he is suing Lincoln County in this action, however, plaintiff's allegations involve individual actions made by Unknown persons not named in this complaint rather than policies or practices of Lincoln County.[2]

In consideration of plaintiff's self-represented status, however, the Court will allow plaintiff to submit an amended complaint rather than dismissing this action at this time. Plaintiff will also be required to submit a motion to proceed in forma pauperis along with his prison account statement or pay the full $402 filing fee in this action.

Plaintiff's complaint must be filed on a Court form in compliance with this Court's Local Rules. *See* E.D. Mo. Local Rule 2.06(A). In the "Caption" section of the complaint form, plaintiff should write each defendant's name or names. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should specify whether he is suing each defendant in an official capacity, individual capacity, or both. Plaintiff must avoid naming anyone as a defendant unless that person or entity is directly related to his claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ.

---

[2]To prevail on a claim against a local governing body, such as Lincoln County, a plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.,* 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Here, plaintiff provides no allegations that Lincoln County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights.

P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state each claim in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for causing harm. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff is also required to either file a motion to proceed in forma pauperis within twenty-one (21) days of the date of this Memorandum and Order or pay the full $402 filing fee in this action. If plaintiff fails to file a complaint on the Court's form within twenty-one (21) days or file a motion to proceed in forma pauperis or pay the filing fee, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall provide plaintiff a blank Prisoner Civil Rights Complaint form and Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file a complaint on the Court-provided form and in compliance with the Court's instructions. Plaintiff should take care to ensure that his writing is legible on his amended complaint.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the full filing fee of $402 or submit a motion to proceed in forma pauperis on the Court-provided form. If plaintiff files a motion to proceed in forma pauperis, he shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 10th day of August, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE