**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ROBERT BOWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-830 SRW |
| | ) |
| LINCOLN COUNTY, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Robert Bowman for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 5]. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). For the reasons outlined below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a *certified* prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his *certified* prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff, a pretrial detainee currently housed at Lincoln County Jail in Troy, Missouri (the "Jail"), filed the instant action on the Court's Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. [ECF No. 1]. On

In the section of the form complaint designated to provide his statement of claim, plaintiff writes:

> On 4-14-22 I Robert Bowman was transferred to Lincoln County Jail were [sic] I was placed in holding for approx 8 days then put into trustee unit for approx. 2 weeks then fired from trustee position were [sic] then was placed into Ewing were I was in Cell 4 were [sic] two of my celly's [sic] who came in after me was placed in cell and clearly they both stated they was not feeling good and approx a week after both tested positive for Covid-19. . .I was not feeling good during this week I believe I caught Covid-19 from one of them both stated they had only been here for a week…[1]before being put into E Unit. I asked to be tested by Nurse Jamie Unknown and was told on[ly] Federal Inmates are getting tested not State Inmates. I keep asking for cough drops and was told they didn't have none. Approx two weeks later I was offered the vaccine on kiosk. I believe I should have been tested

---

[1]Plaintiff claims that the two individuals transferred into E-wing who may have exposed him to Covid-19 had been at Lincoln County Jail for a week, but "here two days before being put into E Unit." Plaintiff does not indicate where "here" referred to.

3

and put in quarantine which I never was. I filed for sinus pills and cough drops and was given two cough drops through this process. The Lincoln County Jail has no protocol except they say all inmates are quarantined for five days which is not true and no one is issued masks except for once.

Plaintiff asserts that he believes he caught Covid-19 because there was no protocol at the Jail for quarantining inmates. He also claims that he was not provided medical treatment for Covid-19. For relief, plaintiff seeks $10,000 in damages and all medical bills paid.

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes it is subject to dismissal.

Plaintiff explicitly indicates that he is suing defendant Lincoln County pursuant to its "official capacity." To the extent plaintiff is attempting to sue Lincoln County Jail, the Court notes that a Jail is not a distinctly suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities).

To the extent plaintiff is merely suing Lincoln County, his claims are also subject to dismissal. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir.

2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, plaintiff provides no concrete allegations that Lincoln County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights. Indeed, plaintiff indicates in the amended complaint that Lincoln County Jail had a policy of keeping inmates quarantined for at least five days before they could enter the general population at the Jail. Although he appears to speculate that unnamed Correctional Officers at the Jail did not always follow this policy, he indicates that both he, as well as the two inmates he named in the amended complaint, were quarantined when they entered the Jail. The acknowledgement of such a policy negates an unconstitutional policy or custom claim against Lincoln County at this juncture. Therefore, plaintiff's official capacity claims against all defendants are subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Furthermore, plaintiff has not alleged a custom or policy by Lincoln County in failing to treat the inmates in Lincoln County Jail who had Covid-19. Although plaintiff states that he was only provided cough drops for his Covid-19, he does not provide contextual information relative to the seriousness of his infection indicating he needed additional medical measures. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) ("[I]nmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment.").

5

Moreover, he indicates that he saw the Nurse at the Jail after contracting Covid-19, and the Coronavirus vaccine was made available to him as well. For these reasons, the Court finds that plaintiff has failed to state a claim against Lincoln County Jail for relief in this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 5] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendant are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

Dated this 26th day of August, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE